Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I[1]

| FIDEICOMISO CRESPO SANTIAGO<br><br>Recurridos<br><br>v.<br><br>OSCAR CRESPO QUIÑONES Y OTROS<br><br>Peticionarios | KLCE202301348 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de San Juan<br><br>Caso Núm.: SJ2019CV02123 (803)<br><br>Por: Desahucio en Precario |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de diciembre de 2023.

El Tribunal de Primera Instancia ("TPI") autorizó el retiro de unos fondos consignados de conformidad con una sentencia final y firme, la cual fue producto de una transacción. Según se explica en detalle a continuación, concluimos que no procede nuestra intervención con lo actuado por el TPI, pues ello es compatible con lo estipulado por las partes en este caso.

I.

En marzo de 2019, el Fideicomiso Crespo Santiago (el "Demandante") presentó la acción de referencia, sobre desahucio en precario (la "Demanda"), en contra del Sr. Oscar Crespo Quiñones (el "Demandado") y la Sa. Kelly Gutiérrez del Arroyo Vargas (la "Demandada"; ambos, los "Demandados"). En síntesis, el Demandante alegó que era el titular de un apartamento ubicado en

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLAN202300100).

Santurce (la "Propiedad") y que los Demandados no pagaban canon de arrendamiento. Según el Demandante, este adquirió la Propiedad mediante una escritura autorizada en septiembre de **2016**.

Al cabo de varios incidentes procesales, otro fideicomiso (el Fideicomiso Crespo-Quiñones, o el "Interventor") instó una *Solicitud Urgente de Intervención al Amparo de la Regla 21 de Procedimiento Civil*. Sostuvo que existía una controversia real en torno a la titularidad de la Propiedad. Además, informó que se ventilaba otra acción civil, en torno a dicho asunto, en la sala de Ponce del TPI (PO2019CV00946, o la "Otra Acción").

Subsecuentemente, las partes llegaron a unos acuerdos, que fueron acogidos por el TPI mediante una *Sentencia,* notificada el 3 de mayo de 2019 (la "Sentencia de 2019"), y dictada de conformidad con los "términos y condiciones" del acuerdo escrito entre las partes (el "Acuerdo"). El TPI unió el Acuerdo a la Sentencia de 2019 y lo hizo formar parte de la misma.

De conformidad con el Acuerdo, los Demandados podrían seguir "ocupando y haciendo uso" de la Propiedad. No obstante, los Demandados pagarían cierta suma hacia el mantenimiento de la Propiedad y consignarían una cantidad adicional en el TPI "hasta tanto se resuelva el asunto de la titularidad de la propiedad" en la Otra Acción. Además, se estipuló que dicho dinero quedaría consignado "a beneficio del titular del inmueble que prevale[ciera]" en la Otra Acción.

Surge del récord que, en enero de 2023, el TPI desestimó sin perjuicio la Otra Acción. Destacamos que, en la Otra Acción, el Demandante figuraba como uno de los demandados.

En julio de 2023, el Demandante presentó una *Solicitud de Retiro de Fondos Consignados* (la "Moción"). Planteó que, de conformidad con lo resuelto anteriormente por este Tribunal

(KLAN202300100), el TPI tenía jurisdicción para hacer valer la Sentencia del 2019.

Los Demandados se opusieron a la Moción; arguyeron que, en **marzo de 2021**, la Demandada había adquirido la Propiedad mediante una transacción con el Interventor (el "Negocio de 2021"). Sostuvo que la validez de esta transacción era objeto de dos acciones ante el TPI, presentadas por el Demandante en el 2022 y 2023 (SJ2022CV02362 y SJ2023CV05212, o las "Acciones Nuevas"), por lo cual, ante el "conflicto de título", no debía autorizarse el desembolso de los fondos consignados.

El Demandante replicó. Señaló que era nulo el Negocio de 2021, pues el Interventor realmente no era el titular de la Propiedad, ello porque la misma había sido adquirida por el Demandante en el 2016, y este no la había enajenado. Más importante aún, arguyó que no tenía pertinencia, en este contexto, si era válido el Negocio de 2021, pues los fondos en controversia fueron consignados entre mayo de 2019 y febrero de 2020, mucho antes del Negocio de 2021. El Demandante también resaltó que la Otra Acción había sido desestimada por el TPI.

Mediante una Resolución notificada el 7 de agosto, el TPI declaró con lugar la Moción (la "Resolución").

El 10 de agosto, los Demandados solicitaron la reconsideración de la Resolución. Arguyeron que la Sentencia de 2019 no reconocía al Demandante como el titular de la Propiedad y que dicha parte tampoco tenía su "título inscrito".

Mediante un dictamen notificado el 14 de noviembre, el TPI denegó la referida moción de reconsideración.

Inconformes, el 1 de diciembre, los Demandados presentaron el recurso que nos ocupa; formularon el siguiente señalamiento de error:

Erró el TPI al declarar Ha Lugar el retiro de fondos consignados, ordenando el desembolso de los fondos a favor de la recurrida quien no es dueño del inmueble.

Arguyeron que las Acciones Nuevas habían sido desestimadas por no haberse diligenciado a tiempo los correspondientes emplazamientos, por lo cual el Demandante no podía "impugnar el título inscrito" de la Demandada, adquirido mediante el Negocio de 2021.  Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción.  La referida Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII–B, R. 40.

III.

Concluimos que no está presente circunstancia alguna que amerite nuestra intervención con la Resolución. Lo actuado por el TPI es compatible con la Sentencia de 2019, pues la Otra Acción no se resolvió en contra del Demandante, quien era demandado allí; tampoco se ha planteado que los Demandados hayan de algún modo sido favorecidos por el desenlace de la Otra Acción. Más aún, las partes estipularon aquí que los fondos estarían consignados hasta que se dilucidara la Otra Acción, lo cual ya ocurrió. Por otra parte, la validez del Negocio de 2021 no incide sobre el destino apropiado de los fondos en controversia, pues los mismos fueron consignados antes de que el mismo ocurriese en el 2021.

IV.

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones